## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED DEVELOPMENT FUNDING III, LP; ) <br> AND UNITED DEVELOPMENT FUNDING IV ) <br> 2201 W. Royal Lane, Suite 240 ) <br> Irving, Texas 75063 ) <br> ) <br>      Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> U.S. SECURITIES AND ) <br> EXCHANGE COMMISSION ) <br> 100 F Street NE ) <br> Washington, D.C. 20549 ) <br> ) <br>      Defendant. ) | Case No. _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.    Plaintiffs United Development Funding III, LP ("UDF III") and United Development Funding IV ("UDF IV") (collectively "UDF") bring this action against Defendant U.S. Securities and Exchange Commission ("SEC") to compel compliance with the Freedom of Information Act, 5 U.S.C § 552 ("FOIA"), including obtaining access to records maintained by the SEC.

2.    The records at issue in this case concern two transcripts from the Fort Worth Regional Office's investigation styled In the Matter of Hayman Capital (FW-4314) (the "SEC's Hayman Capital Investigation").

3.    As way of background, in June 2018, UDF and five of its executives entered into settlement agreements with the SEC.[1]  The settlements, once approved by the Court, resolved an

---

[1] See Mots. for Entry of Judgment, Securities and Exchange Commission v. United Development Funding III, et al., No. 18-cv-1735 (filed July 3, 2018 N.D. Tex.), ECF. Nos. 4-6.

investigation by the SEC, which the SEC commenced on or around April 2014.  The SEC's investigation culminated in the filing of a settled complaint, which the SEC filed in the U.S. District Court for the Northern District of Texas, alleging that UDF had made untrue material statements, or omitted material facts, from January 2011 through December 2015 in connection with a series of investment funds (UDF III and UDF IV) that UDF operated during that period.[2] UDF and the individuals neither admitted nor denied the allegations contained in the settled complaint.  The district court entered consent judgments against UDF and the executives on July 31, 2018, resolving all outstanding issues as to all parties, and completely resolving the SEC's enforcement investigation and proceeding.[3]

      4.      In 2014, around the same time that the SEC was investigating UDF, UDF became the target of a protracted campaign by Hayman Capital Management L.P. ("Hayman Capital"), led by founding principal Kyle Bass ("Bass"), to drive UDF's stock price as low as possible in order to maximize Hayman's and Bass's massive short position in UDF IV's NASDAQ traded shares.[4]  As a result of its short position, Hayman Capital stood to profit from a decline in UDF IV's stock price.[5]

---

[2] *See* Compl., *Securities and Exchange Commission v. United Development Funding III, et. al*, No. 18-cv-1735 (filed July 3, 2018 N.D. Tex.), ECF. No. 1.

[3] *See* Final Judgments, *Securities and Exchange Commission v. United Development Funding III, et. al*, No. 18-cv-1735 (filed July 31, 2018 N.D. Tex.), ECF. Nos. 11, 13, 15.

[4] UDF IV is one of the family of UDF Funds.  UDF IV was listed on the National Association of Securities Dealers Automated Quotations ("NASDAQ") exchange in July 2014.

[5] Hayman Capital eventually disclosed its short position in February 2016, nearly a year after it began to accumulate its short position, in a website it managed, called UDF Exposed. *See* https://udfexposed.com/disclaimer ("Hayman currently maintains a short position in the common stock of United Development Funding IV ('UDF').  Hayman will profit if the market price for common shares of UDF decline and, conversely, Hayman will lose money if the market price increases for the common shares of UDF.") (last visited January 25, 2019).

5.    On November 28, 2017, UDF filed a lawsuit against Hayman Capital and certain of its executives in Texas state court for disparagement and tortious interference arising from Hayman Capital's extended campaign to undermine UDF's reputation and market value.[6] Through discovery in that proceeding, UDF learned that employees and agents from Hayman Capital had extensive communications with the Staff of the SEC (the "Staff") concerning UDF during the same period that Hayman Capital was seeking to damage UDF's market value. Moreover, certain of those communications make clear that information Hayman Capital provided to the Staff related to the SEC's investigation of UDF; indeed, the communications concerned the same UDF funds and issues that were the subject of the SEC's aforementioned enforcement proceeding against UDF.

## I.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C § 1331.

7.    Venue in this district is proper pursuant to 5 U.S.C. § 552 (a)(4)(b).

## II.    PARTIES

8.    Plaintiff United Development Funding III, LP is a Delaware Limited Partnership with its partnership headquarters located at 2201 W. Royal Lane, Suite 240, Irving, Texas 75063.

9.    Plaintiff United Development Funding IV is a Maryland real estate investment trust with its headquarters located at 2201 W. Royal Lane, Suite 240, Irving, Texas 75063.

10.    Defendant SEC is a federal administrative agency within the meaning of 5 U.S.C. § 552(f)(1), with its principal place of business located at 100 F Street NE, Washington, DC

---

[6] See Pl.'s Original Petition, *United Development Funding, L.P. v. Bass, et al.*, No. CC-17-06253-B (filed Nov. 28, 2017 Dallas Cnty. Ct. Tex.).

20549.   Upon information and belief, the SEC has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which UDF seeks access.

### III.   LEGAL STANDARD

11.     FOIA "represents a strong legislative policy advocating broad disclosure of government records and exemptions under the Act are to be narrowly construed."  *Parker v. Equal Emp. Opportunity Comm'n*, 534 F.2d 977, 980 (D.C. Cir. 1976); *see also C.I.A. v. Sims*, 471 U.S. 159, 166 (1985) ("The mandate of the FOIA calls for broad disclosure of Government records").

12.     FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

13.     In making available such records, fees applicable to processing requests shall be limited to reasonable standard charges for document duplication when records are sought by a "representative of the news media," defined as "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."  5 U.S.C. § 552(a)(4)(ii); *see also* 17 CFR § 200.80(g)(2)(vi).  In contrast, other than those requests by representatives of the news media, educational institutions, or noncommercial scientific institutions, the SEC charges fees for processing (*i.e.*, document search and/or review) FOIA requests. 17 C.F.R. § 200.80(g)(3)(ii)(A).

14.     FOIA requires an agency to respond to a valid request within twenty (20) days (exempting Saturdays, Sundays, and legal public holidays) (hereinafter "business days") upon

receipt of such request, including notifying the requestor immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 17 C.F.R. § 200.80(d)(2).

15.     In certain circumstances, an agency may instead provide notice to the requester that "unusual circumstances" merit additional time—up to an additional ten (10) business days—to respond to the request. 5 U.S.C. § 552(a)(4)(viii)(II)(aa); *see also* 17 C.F.R. § 200.80(d)(5).  In the event the agency provides notice to the requester of "unusual circumstances," and that it is not able to respond to the records request within the statutory deadline, the agency must provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request."  5 U.S.C. § 552(a)(6)(B)(ii); *see also* 17 C.F.R. § 200.80(d)(5).

16.     If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review.  5 U.S.C. § 552(a)(6)(C)(i).

## IV.     STATEMENT OF FACTS

### A.     UDF's Initial FOIA Request.

17.     On April 26, 2022, UDF submitted to the SEC a FOIA request seeking materials related to the SEC's Hayman Capital Investigation.  UDF's FOIA request centrally focused on communications between Staff and Hayman Capital relating to the SEC's Hayman Capital Investigation.  In addition, UDF requested all testimony transcripts and exhibits related to the SEC's Hayman Capital Investigation.  *See* Ex. A.

18.     UDF's counsel promptly established a line of communication with Tina L. Churchman, the FOIA Research Analyst in the Office of Support Operations assigned to the April 26, 2022 FOIA request, and has corresponded with her by email and by phone over a dozen times since submitting the FOIA request.  *See e.g.*:

- Ex. B – August 2, 2022 email from Ms. Churchman to Fort Worth Regional Office enforcement attorney Dwight (Tom) Keltner requesting a status update and stating that "the FOIA office is still consulting with other staff regarding the request, and unfortunately, I could not provide a completion date."
- Ex. C – September 2, 2022 email from Ms. Churchman stating, "We are still consulting with the regional office.  I reached out to our liaison for a status / tentative response date and am awaiting a response."
- Ex. D – October 13, 2022 letter from Ms. Churchman informing UDF's counsel that the Office of FOIA Services "will be unable to respond to the request within the twenty day statutory time period, *as there are unusual circumstances which impact on our ability to quickly process your request*." (emphasis added) . . . "Investigatory records generally consist of transcripts of testimony, exhibits, and miscellaneous evidentiary materials."  The letter further informed UDF's counsel that the Office of FOIA Services had identified 7.6 GB of electronically stored records that may be responsive to UDF's FOIA request.  And went on to say that, "you may want to consider narrowing the scope of your request.  At present we anticipate that it may take *thirty-six months or more before we can begin to process a request placed in our Complex track*." (emphasis added).
- Ex. E – November 1, 2022 email from Ms. Churchman informing UDF's counsel, among other things, that there are two testimony transcripts responsive to UDF's FOIA request for records in connection with In the Matter of Hayman Capital (FW-4313).  Ms. Churchman and UDF's counsel discussed by phone the likelihood that the Fort Worth Regional Office maintained some form of document listing that would be instrumental in assisting UDF's counsel narrow the scope of the requests in order to avoid Complex Track designation and have to wait at least three years before  the Office of FOIA Services even began its review of the potentially responsive information.

**B.     UDF's Narrowed FOIA Request for Two (2) Transcripts.**

19.     On November 1, 2022, following the advice of the Office of FOIA Services, UDF submitted a second FOIA request requesting only the two transcripts from the SEC's Hayman

Capital Investigation.  *See* Ex. F.  Based on the information provided by the Office of FOIA Services, this should have resulted in the production of just two documents.

20.     On that same day, the SEC acknowledged receipt of the November 1, 2022 FOIA request, assigned it Case #23-00207, and advised that the request "will be assigned to a Research Specialist for processing and you will be notified of findings as soon as possible."  *See* Ex. G.

21.     In the letter, without identifying any "unusual circumstances" permitting a 10-day extension of the 20-business day deadline for rendering a "determination" on the November 1, 2022 request, the SEC stated, "If you do not receive a response after thirty business days from when we received your request, you have the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS)."  *Id.*

22.     On January 5, 2023, UDF's counsel once again reached out to Ms. Churchman requesting a status update. Ms. Churchman responded that she had no update.  *See* Ex. H.

**C.     UDF's Initial Administrative Appeal.**

23.     On January 17, 2023, after fifty-one (51) business days since UDF's counsel submitted the November 1, 2022 FOIA request seeking two transcripts in connection with the SEC's Hayman Capital Investigation, UDF's counsel filed an appeal to the Office of FOIA Services.  *See* Ex. I.[7]

24.     On February 14, 2023, the SEC continued to delay their response by denying UDF's appeal and referring the request back to the Office of FOIA Services for further review and consultation.  *See* Ex. J.

---

[7] The Exhibits attached to UDF's January 17, 2023 Appeal are also attached to this complaint as Exhibits A-H, but have not been reprinted after Exhibit I in order to reduce the burden on the Court.

**D.     SEC Continues to Fail to Timely Respond to UDF's Request for Two (2) Transcripts**.

25.     Once again, UDF's counsel promptly established a line of communication with Sonja Osborne, the newly assigned Research Analyst, and has corresponded with her by email and phone over a dozen times since UDF's FOIA appeal was denied and the November 1, 2022 FOIA request was returned to the Office of FOIA Services.  *See e.g.*:

- <u>Ex. K</u> – On February 16, 2023, Ms. Osborne and UDF's counsel discussed by phone that the requested transcripts would be received on or before March 16, 2023.
- <u>Ex. L</u> – March 23, 2023 email from Ms. Osborne, stating "I apologize for the delay in our response.  Your request is actively being processed. My best estimate for a date of completion would be April 21, 2023."
- <u>Ex. M</u> – March 30, 2023 email from Ms. Osborne, stating "I am processing your request."
- <u>Ex. N</u> – April 11, 2023 email from Ms. Osborne, stating "no change at this time."
- <u>Ex. O</u> – April 20, 2023 email from Mark Tallarico, Senior Counsel in the SEC's Office of the General Counsel, stating "I will reach out to the FOIA staff about your timing concerns and ask that they complete their review of the transcripts as expeditiously as possible."
- <u>Ex. P</u> – May 4, 2023 email from Carmen Mallon, Branch Chief Office of FOIA Services for the SEC, stating "at this point we are still in review and consultation and are working toward the May 24, 2023 deadline."
- <u>Ex. Q</u> – On May 25, 2023, the SEC issued a Final Reference letter regarding UDF's related FOIA Request No. 22-01760-FOIA, but did not make any reference to the November 1, 2022 FOIA Request or the transcripts.
- <u>Ex. R</u> – June 6, 2023 email from Ms. Osborne, stating "we are still in the consultation process and are working toward finalizing your request."
- <u>Ex. S</u> – June 13, 2023 email from Ms. Osborne, stating "we are still in the consultation process.  Although, at this time I am unable to provide an anticipated completion date, we are working towards finalizing your request."

**E.     UDF's Second Administrative Appeal and SEC's Continued Inability to Timely Respond to UDF's FOIA Request for Two (2) Transcripts.**

26.     On July 3, 2023, one hundred and sixty-seven (167) business days since UDF submitted its November 1, 2022 FOIA request seeking two (2) transcripts and ninety-seven (97)

business days since receiving the denial of its first appeal, UDF's counsel filed a second appeal for constructive denial to the Office of FOIA Services.  *See* Ex. T.[8]

27.     On July 24, 2023, once again, the SEC continued to delay their response by denying UDF's appeal and referring the request back to the Office of FOIA Services for further review and consultation.  *See* Ex. U.  On that same day, an email from Mr. Tallarico stated that he could not provide an estimated date of completion and included Ms. Osborne on the email to provide a "better estimate" of when a decision can be expected.  *See* Ex. V.

28.     The next day, Ms. Osborne replied "we are in the consultation process and at this time my best estimate for a date of completion would be September 1, 2023."  *See* Ex. W.  This would be two hundred and ten *(210)* business days since UDF submitted its November 1, 2022 FOIA request.  Moreover, given the Office of FOIA Services' repeated failure to abide by multiple prior self-imposed deadlines, including after its last unsuccessful administrative appeal, neither UDF nor its counsel is remotely confident that the SEC will be able to meet this new, self-imposed deadline.  At no time has the SEC informed UDF that "unusual circumstances" exist, such that a delay may be warranted.  5 U.S.C. § 552(a)(4)(viii)(II)(aa); 17 C.F.R. § 200.80(d)(5).

29.     To date, UDF has received no further correspondence from the SEC concerning its November 1, 2022 FOIA Request for two transcripts.

30.     UDF has unnecessarily and repeatedly been forced to expend resources to prosecute this action.

---

[8] The Exhibits attached to UDF's July 3, 2023 Appeal are also attached to this complaint as Exhibits A-S, but have not been reprinted after Exhibit T in order to reduce the burden on the Court.

## V.      CLAIMS FOR RELIEF

### Count I

**Failure to Comply with Statutory Deadlines in Violation of FOIA, 5 U.S.C. § 552(a)(6)**

31.     Plaintiffs reallege and fully incorporates by reference each of the foregoing allegations, contained in paragraphs 1-30, as if fully set forth herein.

32.     To date, the SEC has failed to respond to the November 1, 2022 FOIA Request identified above.

33.     More than 20 business days have passed since the November 1, 2022 FOIA Request was received by the SEC, as confirmed in the November 1, 2022 letter.  *See supra* ¶ 16. *See also* Ex. G.

34.     FOIA requires the SEC to have provided a final determination within 20 business days of the request.   The SEC may extend this 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 522(a)(6)(B)(iii), for a maximum of 10 business days, but most provide UDF with notice to do so.   *See* 5 U.S.C.§§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(ii); *see also* 17 C.F.R. §§ 200.80(d)(2), (d)(5).

35.     The SEC failed to provide a final determination within 20 business days of the November 1, 2022 FOIA Request.  *See* 5 U.S.C. § 552(a)(6).

36.     The SEC failed to provide notice of "unusual circumstances" that would extend its 20-day response period.  *See* 5 U.S.C.§§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(ii).

37.     The SEC has thus failed to timely make the statutorily required determination on UDF's November 1, 2022 FOIA Request, in violation of FOIA.  *See* 5 U.S.C.§ 552(a)(6).

38.     UDF will be adversely affected by the SEC's continuing failure to timely render a final determination as to the November 1, 2022 FOIA Request.

39.     UDF has constructively exhausted all administrative remedies required by FOIA as to the November 1, 2022 FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

40.     UDF is entitled to declaratory and injunctive relief in connection with the SEC's unlawful failure to make a determination as to the November 1, 2022 FOIA Request for two transcripts.  *See* 5 U.S.C. § 552(a)(6).

## Count II

### Unlawful Withholding of Agency Records in Violation of FOIA, 5 U.S.C. § 522(a)(3)

41.     Plaintiffs reallege and incorporate by reference each of the foregoing allegations, contained in paragraphs 1-30, as if fully set forth herein.

42.     FOIA requires the SEC to process record requests and promptly provide the requested records or the reasonably segregable portion of the records not subject to a FOIA exemption.  5 U.S.C. § 552(a)(3)(B).

43.     However, the SEC has neither provided UDF any responsive documents in response to its November 1, 2022 FOIA Request, nor has it claimed that any responsive records are exempt from disclosure.

44.     UDF is entitled to declaratory and injunctive relief in connection with SEC's unlawful failure to timely produce responsive records as to its November 1, 2022 FOIA Request.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiffs pray that this Court:

A.  Declare that the SEC failed to make timely determination of UDF's November 1, 2022 FOIA Request, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B.  Declare that the SEC failed to promptly provide records responsive to UDF's November 1, 2022 FOIA Request, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C.  Order the SEC to immediately conduct a reasonable search for all responsive records, as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D.  Order the SEC to provide a determination to UDF's November 1, 2022 FOIA Request within seven (7) days, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

E.  Order the SEC to disclose to UDF within fourteen (14) days all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F.  Award UDF its costs and reasonably attorneys' fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

G.  Grant such other relief as the Court may deem just and proper.


Dated: August 8, 2023

Respectfully submitted,


*/s/ Johnjerica Hodge*
Johnjerica Hodge
D.C. Bar No. 1049048
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Avenue NW – Suite 800
Washington, DC 20006-3404
Telephone: (202) 625-3500
Facsimile:  (202) 298-7570
johnjerica.hodge@katten.com

Ryan J. Meyer, *pro hac vice forthcoming*
Grace A. Caputo, *pro hac vice forthcoming*
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
ryan.meyer@katten.com
grace.caputo@katten.com